UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

ROGER EDWARDS,

                                Plaintiff,

     v.                                                                                                 Case No. 21-cv-1288-bhl

JENNIFER MCDERMOTT, et al.,

                                Defendants.

─────────────────────────────────────────────

## ORDER
─────────────────────────────────────────────

      Plaintiff Roger Edwards, who is currently serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself, filed a complaint in Dane County Circuit Court, alleging that his civil rights were violated. On October 15, 2021, Defendants filed a notice of removal of the action from the circuit court to the United States District Court for the Western District of Wisconsin. Dkt. No. 1. On November 9, 2021, the action was transferred from the Western District to this Court. Dkt. No. 11. The Court screened the complaint on November 19, 2021, and dismissed the action based on Edwards' failure to state a federal claim. The Court dismissed Edwards' state law claim without prejudice and informed him that he could pursue that claim in state court. Dkt. No. 15.

      On December 23, 2021, Edwards filed a motion for reconsideration. Dkt. No. 19. He does not dispute that his complaint failed to state a federal claim. Instead, he explains that he never intended to pursue a federal claim. He notes that he filed his action in state court and intended to pursue only a negligence claim. Edwards states that he inadvertently relied on a federal statute and erroneously referred to "cruel and unusual punishment." Edwards asks that, instead of

dismissing the action, the Court remand the action to state court so that he does not have to pay a second filing fee in state court.

The Court will deny Edwards' motion. Edwards raised these same arguments in the Western District after Defendants filed their motion to transfer the action to the Eastern District. U.S. District Judge James Peterson denied Edwards' request that the case be remanded back to state court. He concluded that removal was proper under 28 U.S.C. §1441(a) because, although Edwards' complaint contained a state law negligence claim, it also included an Eighth Amendment claim, which is a federal claim over which the federal district court has original jurisdiction. Dkt. No. 10 at 1.

In any event, Edwards' assertion that he intended to bring only a state law claim is not supported by the allegations in his complaint. For example, Edwards asserted that "Defendants were negligent and deliberate[ly] indifferent to [his] condition of confinement which violated [his] Eighth Amendment right to be free from cruel and unusual punishment." Dkt. No. 1-2 at 13. Also, in his prayer for relief, he stated that Defendants "deprived [him] of his constitutional right to be free from cruel and unusual punishment under the [E]ighth [A]mendment." *Id.* at 15. In short, as Judge Peterson already concluded, removal to the federal district court was proper. If Edwards wishes to pursue purely state court claims, he is free to do so, subject to compliance with any applicable state-law procedures and filing fees.

**IT IS THEREFORE ORDERED** that Edward's motion for reconsideration (Dkt. No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin on January 3, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
